UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMOND ARMSTRONG,

        Petitioner,                              Civil Action No. 2:12-cv-14619
                                                      Honorable Patrick J. Duggan

v.

LLOYD RAPELJE,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Petitioner Damond Armstrong is a Michigan Department of Corrections' prisoner, currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. Petitioner is serving concurrent prison terms of twenty-five to forty-five years for a second-degree murder conviction and seventeen years, six months to thirty years for an assault with intent to murder conviction, along with a consecutive two-year prison term for a felony-firearm conviction. Petitioner was convicted of these charges on October 21, 2009, following a jury trial in the Circuit Court for Wayne County, Michigan. He was sentenced on November 5, 2009. Because Petitioner's claims are unexhausted, the Court summarily dismisses his petition without prejudice. The Court also declines to issue a certificate of appealability.

## Background

After he was convicted and sentenced, Petitioner filed a direct appeal raising numerous claims. The Michigan Court of Appeals affirmed his convictions and sentence. *People v. Armstrong*, No. 295293, 2011 WL 683108 (Mich. Ct. App. Feb. 24, 2011). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which the Court denied on July 25, 2011. *People v. Armstrong*, 489 Mich. 992, 800 N.W.2d 594 (2011) (Table). After the Michigan Supreme Court issued its decision, Petitioner filed a motion for relief from judgment with the state trial court. The trial court denied the motion on February 15, 2012. *People v. Armstrong*, No. 09-014636-01-FC (Wayne Cnty. Cir. Ct. Feb. 15, 2012). Petitioner filed a delayed application for leave to appeal that decision with the Court of Appeals, which was denied on August 24, 2012. *People v. Armstrong*, No. 308991 (Mich. Ct. App. Aug. 24, 2012). His application for leave to appeal that decision is currently pending before the Michigan Supreme Court. (*See* ECF No. 1 at 22.)

Petitioner filed his *pro se* application for the writ of habeas corpus in this Court on October 18, 2012.

## Discussion

Rule 4 of the Rules Governing Section 2254 Cases requires a district court to promptly examine a petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. Rule

2

4 of the Rules Governing § 2254 Cases; *see also McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572 (1994).

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). "Ordinarily, the state courts must have had the opportunity to pass on [a] defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1419 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845, 119 S.Ct. at 1732 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

In this case, Petitioner states that he is awaiting a decision from the Michigan Supreme Court with respect to the trial court's denial of his post-conviction motion. Records maintained by the Michigan Court of Appeals on its official website indicate that Petitioner is correct. Therefore, for purposes of this petition, his claims are unexhausted and the petition must be dismissed without prejudice. Petitioner must await the Supreme Court's decision before seeking federal habeas relief. *See Witzke v. Bell*, No. 07-CV-

15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court. Additionally, there has not been an absence of an available state corrective process or circumstances rendering such process ineffective to protect Petitioner's rights.

The Court finds that the one-year statute of limitations does not appear to pose a problem for Petitioner. 28 U.S.C. § 2244(d). The one-year limitations period does not begin until ninety days after the conclusion of direct appeal. Sup. Ct. R. 13(1); *see also Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S.Ct. 681, 685 (2009); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Petitioner filed his motion for relief from judgment with the state trial court within that ninety-day period. That motion tolled the one-year period. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221, 122 S. Ct. 2134, 2138-39 (2002). Thus, the one-year period will continue to be tolled until the collateral review of Petitioner's claims has been completed. Given such circumstances, a stay is unwarranted and a dismissal, without prejudice, of the petition is appropriate.

### Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A "COA" may issue "only if the applicant has made a substantial showing of the denial of

a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603-04 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate its conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court declines to issue Petitioner a COA.

Accordingly,

**IT IS ORDERED**, that Petitioner's petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that the Court declines to issue Petitioner a certificate of appealability.

Dated: November 27, 2012

                                                          s/PATRICK J. DUGGAN
                                                          UNITED STATES DISTRICT JUDGE

Copy to:
Damond S. Armstrong, #747715
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623